1

2

3

4

5

6

7

8    # UNITED STATES DISTRICT COURT

9    ## EASTERN DISTRICT OF CALIFORNIA

10

11   GUILLERMO TRUJILLO,                          Case No. 1:14-cv-01797-DLB PC

12              Plaintiff,                         ORDER FINDING COGNIZABLE CLAIMS
                                                   AND DISMISSING REMAINING CLAIMS
13         v.                                      AND DEFENDANTS

14   GOMEZ, et al.,

15              Defendants.

16

17         Plaintiff Guillermo Trujillo ("Plaintiff"), a state prisoner proceeding pro se and in forma

18   pauperis, filed this civil rights action on November 17, 2014.  On April 22, 2015, the Court screened

19   Plaintiff's complaint and found that it stated an Eighth Amendment excessive force claim against

20   Defendant Gomez.  Plaintiff was ordered to either file an amended complaint to correct the

21   deficiencies in his other claims, or notify the Court of his willingness to proceed only against

22   Defendant Gomez.

23         Plaintiff filed a First Amended Complaint on May 11, 2015.  He names Kern Valley State

24   Prison ("KVSP") Correctional Officers Gomez, Fernandez, Juarez and Rodriguez as Defendants.[1]

25   A.    **LEGAL STANDARD**

26         The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   _____

     [1]  Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 8, 2014.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Kern Valley State Prison, where the events at issue occurred.

Plaintiff alleges that on October 22, 2014, he reported to school to tell his teacher that he was not feeling well.  On the way back to his building, Plaintiff stopped at the law library to have legal documents copied.

When Plaintiff was done at the law library and getting ready to return to his building, Defendant Gomez approached him from behind and asked if he was going to school.  Plaintiff said

2

that he was not and was returning to his building.  Defendant Gomez became upset because Plaintiff did not have a photo ID, slammed him against the concrete wall face-first and twisted his arms to place them in restraints.  Defendant Gomez then told Plaintiff that he wanted him to go to the facility program cages for a strip-search.

Once Plaintiff was inside the holding cell, Defendant Gomez asked him to strip down. Plaintiff questioned Defendant Gomez, asking "for what reason?"  ECF No. 1, at 5.  Plaintiff told him that he had done nothing to justify the use of force or a strip search.  Plaintiff states that he never refused a strip search at any time.

Defendant Gomez then started swearing at Plaintiff and walked away from the cage, making false statements that Plaintiff was not going to strip out.

At few seconds later, Defendant Juarez, Defendant Fernandez and Officer Castro walked into the holding cell area.  They told Plaintiff that Defendant Gomez told them that he refused to submit to an unclothed body search.  Defendant Juarez then told Plaintiff to submit to the search. Defendants Juarez and Fernandez never opened the holding cell or asked Plaintiff to step outside of the cell to submit to a search.  At all times during the unclothed strip search, Plaintiff was secured in the holding cell.  Plaintiff placed his hands over his crotch-area to shield himself from female staff walking up and down the hallway looking at him.  During the strip search, Defendants Juarez and Fernandez never gave Plaintiff a direct order to remove his hands from his crotch area, or put them up in the air.  Defendants Juarez and Fernandez then reached for their pepper spray and sprayed Plaintiff's upper facial area.  Plaintiff states that he never disobeyed any orders.

Plaintiff alleges that in a Rule Violation Report ("RVR"), Defendants Fernandez and Juarez lied by stating that they feared for their lives and pushed Plaintiff back into the holding cage.  They also falsely stated that Plaintiff had a shiny metal object in his hands and disobeyed orders to drop it.

On the day after the incident, Defendant Rodriguez fabricated a report that Plaintiff had an inmate manufactured weapon to cover up the use of force by Defendants Fernandez and Juarez. ECF No. 17, at 8.  Plaintiff contends that Defendants never found any contraband on him during the

search.  Plaintiff alleges that Defendant Rodriguez fabricated this in retaliation for exercising his right to file numerous grievances.

Based on these allegations, Plaintiff contends that Defendants Gomez, Fernandez and Juarez used excessive force in violation of the Eighth Amendment.  He also alleges that Defendant Rodriguez retaliated against him for exercising his right to seek redress through the prison grievance system, conducted an illegal search and seizure.

**C.**   **ANALYSIS**

1.   Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

a.   *Defendant Gomez*

Plaintiff alleges that Defendant Gomez slammed him face-first into a concrete wall and twisted his arms to place them in restraints.  According to Plaintiff, Defendant Gomez did so after becoming upset when Plaintiff answered his question about going to class.  At the screening stage, these facts are sufficient to state a claim for excessive force under the Eighth Amendment.[2]

---

[2] Plaintiff will be instructed on service by separate order.

4

1        b.      *Defendants Fernandez and Juarez*

2        Plaintiff alleges that Defendant Fernandez and Juarez came to the holding cell after being

3   told that Plaintiff was refusing to strip out.  He contends that although he placed his hands over his

4   crotch-area to shield himself from the view of female staff members, Defendants never gave him an

5   order to remove his hands.  He alleges that during this time, he was secured in the holding cell and

6   never disobeyed an order.  Despite this, Defendants Fernandez and Juarez sprayed Plaintiff with

7   pepper spray.

8        At the pleading stage, these allegations are sufficient to state an excessive force claim against

9   Defendants Fernandez and Juarez.

10       2.      <u>Retaliation</u>

11       "Prisoners have a First Amendment right to file grievances against prison officials and to be

12   free from retaliation for doing so."  <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

13   <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim

14   of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

15   some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

16   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

17   reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th

18   Cir. 2005).

19       Plaintiff alleges that Defendant Rodriguez fabricated a weapon possession charge in

20   retaliation for filing numerous grievances.[3]  However, while Plaintiff provides the Log Numbers for

21   twelve grievances, he does not connect the grievances with Defendant Rodriguez's actions, i.e., how

22   he knew about the grievances prior to writing the false charge.  In fact, Plaintiff's exhibits show that

23   Defendant Rodriguez wrote the RVR for possession of an inmate manufactured weapon on October

24   22, 2014, *the same day as the incident*.  ECF No. 17, at 26.[4]  Under such circumstances, it is

25   implausible to suggest that Plaintiff filed a grievance, and that Defendant Rodriguez was aware of

26   
27   [3]  Plaintiff provides the Log Numbers of twelve grievances.

28   [4]  In his FAC, Plaintiff states that the RVR was written the morning after the incident.  ECF No. 17, at 7.  Plaintiff's exhibits, however, contradict his statement and he does not contend that the dates on the exhibits are incorrect.  In any event, even if Defendant Rodriguez wrote the RVR the day after, the same analysis applies.

the grievance so as to establish the requisite causal connection, prior to the writing of the RVR that same day.  This is especially true where Plaintiff wholly fails to provide specific facts demonstrating otherwise.  The Court also notes that of the twelve grievances listed by Plaintiff, three of them were submitted in 2015.  ECF No. 17, at 9.

Plaintiff therefore fails to state a claim against Defendant Rodriguez.  Plaintiff was informed of deficiencies with this claim in the prior screening order, but he has failed to correct the issues.  The Court finds that further leave to amend is not warranted.

3.      Search and Seizure

Finally, Plaintiff alleges that Defendant Rodriguez conducted an illegal search and seizure.  In the RVR, attached as an exhibit, Defendant Rodriguez states that after Plaintiff left the holding cage, he picked up Plaintiff's blue state-issued pants and found the weapon.  ECF No. 17, at 26.

Plaintiff's claim fails as a matter of law.  Inmates do not have a right to be free from the search and seizure of their personal property.  Hudson v. Palmer, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).[5]

D.      **CONCLUSION AND ORDER**

Plaintiff states an excessive force claim against Defendants Gomez, Fernandez and Juarez.  He does not state any further claims against any other Defendants, and Defendant Rodriguez is DISMISSED from this action.

IT IS SO ORDERED.

Dated:   **October 5, 2015**                              /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff does not claim that his due process rights were violated, nor does he set forth facts that would implicate his due process rights.