# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOMEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01797-DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br>(Document 29)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Guillermo Trujillo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 17, 2014. This case is proceeding on Plaintiff's First Amended Complaint ("FAC") for excessive force in violation of the Eighth Amendment against Kern Valley State Prison ("KVSP") Correctional Officers Gomez, Fernandez and Juarez.

On January 27, 2016, Defendants filed the instant motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff opposed the motion on February 22, 2016, and Defendants filed their reply on February 26, 2016. The motion is ready for decision pursuant to Local Rule 230(l).

**A.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Kern Valley State Prison, where the events at issue occurred.

1

Plaintiff alleges that on October 22, 2014, he reported to school to tell his teacher that he was not feeling well. On the way back to his building, Plaintiff stopped at the law library to have legal documents copied.

When Plaintiff was done at the law library and getting ready to return to his building, Defendant Gomez approached him from behind and asked if he was going to school. Plaintiff said that he was not and was returning to his building. Defendant Gomez became upset because Plaintiff did not have a photo ID, slammed him against the concrete wall face-first and twisted his arms to place them in restraints. Defendant Gomez then told Plaintiff that he wanted him to go to the facility program cages for a strip-search.

Once Plaintiff was inside the holding cell, Defendant Gomez asked him to strip down. Plaintiff questioned Defendant Gomez, asking "for what reason?" ECF No. 1, at 5. Plaintiff told him that he had done nothing to justify the use of force or a strip search. Plaintiff states that he never refused a strip search at any time.

Defendant Gomez then started swearing at Plaintiff and walked away from the cage, making false statements that Plaintiff was not going to strip out.

A few seconds later, Defendant Juarez, Defendant Fernandez and Officer Castro walked into the holding cell area. They told Plaintiff that Defendant Gomez told them that he refused to submit to an unclothed body search. Defendant Juarez then told Plaintiff to submit to the search.

Defendants Juarez and Fernandez never opened the holding cell or asked Plaintiff to step outside of the cell to submit to a search. At all times during the strip search, Plaintiff was secured in the holding cell. Plaintiff placed his hands over his crotch-area to shield himself from female staff who were walking up and down the hallway looking at him. During the strip search, Defendants Juarez and Fernandez never gave Plaintiff a direct order to remove his hands from his crotch area, or put them up in the air. Defendants Juarez and Fernandez then reached for their pepper spray and sprayed Plaintiff's upper facial area. Plaintiff states that he never disobeyed any orders.

///

///

## B.     LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

Generally, exhaustion challenges must be raised in a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). However, where a plaintiff's failure to exhaust is "clear on the face of the complaint," a defendant may move for dismissal on under 12(b)(6) for failure to state a claim. *Id.*, 747 F.3d at 1166.

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed.R.Evid. 201(b)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Here, Defendants contend that it is clear from the face of Plaintiff's complaint that he has not exhausted his administrative remedies, making a 12(b)(6) motion proper.  The Court agrees that a 12(b)(6) is proper in this instance.  Plaintiff states that he filed an inmate grievance on October 22, 2014, but he never received a response at the Second Level. ECF No. 17, at 4.

**C.**     **DISCUSSION**

    1.     Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative remedy process for inmate grievances, Cal. Code Regs., tit. 15, § 3084.1, and state prisoners are required to use that process to exhaust their claims in compliance with section 1997e(a), *Ngo*, 548 U.S. at 85-86; *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

The inmate is required to complete a formal appeals process: (1) a first-level appeal, to be conducted by the division head or his or her designee; (2) a second-level appeal, to be conducted by the hiring authority or his or her designee; and (3) a third-level appeal, to be conducted by the Office of Appeals in Sacramento, California.  Cal. Code Regs. tit. 15, § 3084.7.  In order to begin the formal appeals process, the inmate must use a CDCR Form 602 and describe the specific issue and the relief requested.  Cal. Code Regs. tit. 15, § 3084.2(a).  The third-level appeal response constitutes the decision of the Secretary of the CDCR, and completes the appeals process. Cal. Code Regs. tit. 15, § 3084.7(d)(3). The administrative process is exhausted only after the inmate complies with all

relevant prison grievance procedures and receives a decision from the third level. *Ngo*, 548 U.S. at 95-96.

2. <u>Analysis</u>

Plaintiff references two main appeals in his First Amended Complaint. In discussing exhaustion, he states that he filed a 602 grievance on October 22, 2014, the date of the incident, to "try and solve the problem." ECF No. 17, at 4. Plaintiff "presented the facts relating to this complaint," but contends that he never received a response at the Second Level. ECF No. 17, at 4. Although Plaintiff does not refer to the appeal by its log number, KVSP-O-14-03684, he has incorporated the appeal into the complaint by reference, and the Court may therefore consider it in this motion to dismiss.[1]

Plaintiff also attaches documents related to KVSP-O-15-0091 to his First Amended Complaint, and the Court may therefore consider it in this motion. ECF No. 17, at 37-39. This appeal, filed on April 22, 2015, challenges Plaintiff's Rules Violation Report received for possession of an inmate manufactured weapon on October 22, 2014. This appeal does not relate to any claims in this action.[2]

Therefore, KVSP-14-O-03684 is the only appeal relevant to the claims in this action. The appeal alleged that on October 22, 2014, Defendant Gomez asked Plaintiff if he'd be returning to school. Plaintiff said no, and then Defendant Gomez slammed Plaintiff against a brick wall and told Plaintiff that he wanted to conduct a strip search. After the strip search, Plaintiff alleged that Officer Gutierrez used pepper-spray without justification.[3] Tallerico Decl. ¶ 9, Ex. B.

---

[1] The Court GRANTS Defendants' request for judicial notice relating to the records of appeals KVSP-O-14-03684 and KVSP-O-15-01191. ECF No. 30. The Court may take judicial notice of matters of public record, including records and reports of administrative agencies. *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (quotations marks and citations omitted); Fed. R. Evid. 201(b). As explained above, taking judicial notice of the appeal documents, where the documents are not subject to reasonable dispute, does not convert this motion into one for summary judgment. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). Plaintiff does not raise any dispute regarding the documents.

[2] The Court found that Plaintiff's allegation of a retaliatory false Rule Violation Report did not state a cognizable claim, and therefore any appeals relating to the issue are not relevant.

[3] In his First Amended Complaint, Plaintiff alleges that Defendants Juarez and Fernandez pepper-sprayed him. The appeal, however, alleges that Officer Gutierrez pepper-sprayed him, and it does not mention Defendants Juarez and Fernandez in any manner.

5

The appeal was bypassed at the First Level, and received and accepted at the Second Level on November 5, 2014. Plaintiff was interviewed about the allegations on November 18, 2014, and the appeal was granted in part at the Second Level on December 17, 2014, and mailed back to Plaintiff. Tallerico Decl. ¶ 9, Ex. B. The appeal was not submitted to the Third Level. Voong Decl. ¶ 8.

Indeed, Plaintiff admits that he did not submit the appeal to the Third Level. In his First Amended Complaint, he suggests that he followed up after not receiving a response from the Second Level by citing and attaching two Inmate Requests for Interviews. ECF No. 17, at 57-58. However, neither request is related to the relevant appeal, KVSP-14-O-03684.

In his opposition, Plaintiff repeats his contention that he never received a Second Level response, suggesting that Officer Tallerico intentionally "lost or delay[ed] his appeals." ECF No. 35, at 8. He does not address Defendants' exhibits, which show that a Second Level response was issued and forwarded to Plaintiff on December 17, 2014. To the extent Plaintiff argues that he is excused from exhausting because prison officials prevented him from doing so, the Court is hesitant to analyze this issue for concern of going beyond the proper scope of a 12(b)(6) motion.

In any event, the Court need not make such a determination because it is clear from the face of Plaintiff's First Amended Complaint that he had not exhausted prior to filing this action. Viewing the allegations in a light most favorable to Plaintiff, he filed this action only sixteen days after he submitted his appeal,[4] well before the time for responding to his appeal had expired. 15 Cal. Code Regs., tit. 15, §3084.8 (providing that First Level responses shall be completed within thirty (30) working days from date of receipt by the appeals coordinator). So while Plaintiff may now claim that he never received a response, he filed here before a response would have been due.

The Court also notes that even if Plaintiff exhausted KVSP-14-O-0386 to the Third Level, it did not attribute any action to Defendants Juarez and Fernandez, and would not have exhausted any claims against them.

---

[4] Plaintiff signed his complaint on November 7, 2014.

Finally, Plaintiff's reference to alleged "lie[s]" by the California Government Claims Boards is not relevant to the determination of whether he exhausted under the PLRA. ECF No. 35, at 9.

### D.    FINDINGS AND RECOMMENDATIONS

Accordingly, the Court HEREY RECOMMENDS that Defendants' motion to dismiss be GRANTED and this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within fourteen (14) days from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2016**            **/s/ Sandra M. Snyder**
                                                             UNITED STATES MAGISTRATE JUDGE